.MARY PEMBRIDGE AND ST. LOUIS PUBLIC SCHOOLS vs. FRANCIS H. MANTER
AND CHARLES *N.* HICKS.

**ERROR, to St. Louis Court of Common Pleas.**

STATEMENT OF THE CASE.

This was an ejectment brought in the St. Louis court of common pleas by the defendant in error against Mary Pembridge for a lot in St. Louis, fronting 30 feet on Broadway by 100 feet deep; the writ was served on the defendant below on the eighth day of August, 1849, and returnable to the September term of the court. On the 24th day of September, an interlocutory judgment was entered against the defendant for want of a plea, and on the 21st day of November, an inquiry of damages was had, the defendant not appearing. On the 9th day of January succeeding, and during the same term, motions were made on behalf of the defendant, and also of the said board of public schools to set aside the default and permit a defence in the suit on the merits  These motions were grounded on the affidavits of the lessee, of the clerk and the att rney of the board.

The affidavits set forth in substance that the lot of land sued for was leased under the board of public schools. that the lessee built a brick house on the lot, underlet a part of said house to the said defendant in the fall of 1848, that the lessee having learned that a suit had been commenced for the lot, applied to the sheriff's office for information and was there furnished with a mem andum of the parties to the suit as he supposed, he took this memorandum to the office of the board and left it there with the clerk and also gave notice of there being such a memorandum with the clerk to the attorney of the board. The attorney was furnished with the style of the suit as it appeared on the memorandum and carefully examined the dockets of the common pleas and circuit court, but found no trace of any such suit; on further inquiry the attorney was told that the suit about which he was seeking information had been disposed of and that the land on Broadway had been sold some short time before, upon the execution; the attorney conclu ting that the lessee had taken fright at the sale on execution and that no ejectment was in fact pending gave over further search.  The affidavit of the attorney stated that he was acquain ed with the respective titles, and he believed if the default were set aside, the defendant could successfully defend on the merits.

The court below overruled the motions, exception was saved and the case is now in this court by writ of error.

**R. M. FIELD, for plaintiff in error.**

The court committed error in overruling the motion to set aside the default.

The rule in ejectment cases on this subject is thus stated: "As the situations of claimant and defendant in ejectment are materially different, the courts are liberal in their rules for setting aside judgments against the casual ejector, although regularly signed, and will grant them even after execution executed, upon affidavit of merits or other circumstances which at their discretion they may deem suffic ent." Tillinghasts ejectment 252 and cases cited.

Athough the supreme court of this State in some reported cases seems to have established a rule in regard to setting aside defaults less liberal than that which is adopted elsewhere, the rule has never yet been extended to ejectments, nor will it justify the action of the court below.

Lecompte vs. Wash, 4 Mo. Rep., 557; Wimer vs. Morriss, 7 Mo. Rep., 6; Green vs. Good-

Hensley & Wright vs. Peck & Barnett.

loe, ib , 25; Steigers vs. Darby, 8 Mo. Rep., 679; Field vs. Matson, ib., 686, Lament vs. Mullikin, 10 Mo. Re ., 495; Austin vs. N.lson, 11 Mo. Rep., 192; Stout vs. Lewis, ib., 438; Sloane vs. Forse, ib., 126.

CROCKETT, for appellees.

The appellants have failed to show cause by their affidavits, for setting aside the judgment, and granting a new trial. Field vs Matson, 8 Mo. 686; Barry vs. Johnson, 3 Mo., 263; Wimer vs. Morriss, 7 Mo. 6; Green vs. Goodloe, 7 Mo. 25.

RYLAND, Judge, delivered the opinion of the court.

The same question presents itself here, as in the case decided at this term of Webster vs. McMahan and others.

The question of diligence—it seems to me a little strange, that the inquiry had not been made of the clerk, of either the common pleas or circuit court. These officers would have informed the lessee, whether there had been a suit or not. If the attorney for the board had made enquiries of either of the clerks, he would have found out. These officers know the writs they issue; or they would have known, time enough to make out the docket—and that would have been before the return day of the writ. I am unwilling to interfere in this case with the judgment of the court below. The reasons given in case of Webster vs. McMahan and others, need not here be repeated.

Judgment affirmed.